Williams *et al.* v. Williams.

No. 846, Ind. T.   Opinion Filed November 23, 1908.

(98 Pac. 909.)

1. **INDIANS—Lands—Leases.** Under the provisions of section 17, of the Creek Supplemental Treaty (Act June 30, 1902, c. 1323, 32 Stat. 504), a Creek citizen has the right to lease his allotment for agricultural purposes for a period of five years.

2. **SAME—Five Year Limitation.** Such a lease contract for a period of five years is not rendered void by a lease contract executed one year subsequent to the execution of the first contract upon an independent consideration by the same citizen to the assignee of the first contract, leasing his allotment for a period of one year beginning upon the expiration of the first contract, where the first contract contains no stipulation or obligation to renew, and it is not shown that the second contract was executed by reason of any stipulation or obligation contained in the first contract or any agreement made by the parties thereto at the time of the execution thereof, and it is not shown that the second contract was part of the transaction resulting in the first contract, or that said contracts were made with the intention and design of avoiding the provisions of said section 17 of the Creek Supplemental Treaty (Act June 30, 1902, c. 1323, 32 Stat. 504.)

(Syllabus by the Court.)

*Error to the United States Court for the Western District of the Indian Territory; W. R. Lawrence, Judge.*

Ejectment by M. R. Williams against Eli P. Williams and others. Judgment for plaintiff, and defendants bring error to the United States Court of Appeals of the Indian Territory, whence the cause was transferred to the Supreme Court of the state of Oklahoma under the Enabling Act. Reversed and remanded.

This is an action in ejectment brought originally in the United States Court for the Western District of the Indian Territory at Muskogee, by defendant in error against plaintiffs in error, for the possession of the west half of the northeast quarter

of section 24, township 15 north, range 16 east, of the Indian base and meridian in the Indian Territory. The case was tried before the court without a jury, who made findings of fact and rendered judgment in favor of the defendant in error, hereinafter called plaintiff, for the possession of said land and for damages in the sum of $400. From this judgment appeal was taken by plaintiffs in error, hereinafter called defendants, to the United States Court of Appeals of the Indian Territory, where the case was pending at the time of the admission of the state into the Union, and is now before this court for final disposition under the provisions of the Enabling Act (Act June 16, c. 3335, 34 Stat. 267).

The case was tried partly upon an agreed statement of facts, and partly upon oral evidence produced before the court. There is but little, if any, conflict in the evidence. One Grant Perryman, a Creek freedman, who had taken the land in controversy as a portion of his allotment, on the 7th day of October, 1902, made and executed a lease contract thereon, for agricultural purposes, to one Anthony Crafton for a period of five years, beginning January 1, 1903, which was properly filed for record on May 16, 1903. Crafton assigned said lease to the Muskogee Land Company, by whom it was afterwards assigned to Eli P. Williams, one of the defendants' who, at the time this action was brought, with his codefendant, Grant York, occupied the land in controversy. On November 23, 1903, Perryman executed another lease on the same land to the Muskogee Land Company for a term of one year, under which lease the lessor was to give the lessee or assigns possession of the premises demised on January 1, 1908. On March 19, 1904, Perryman and his wife sold and conveyed said land to the plaintiff, M. R. Williams. Defendants rely upon their rights under the lease contract executed by Perryman to Crafton on October 7, 1902, for a term of five years, as their defense in this action. This action was instituted on the 25th day of February, 1905.

*Raymond, Maxey & Runyan,* for plaintiffs in error.

*Thos. H. Owen* and *De Roos Bailey,* for defendant in error.

HAYES, J. (after stating the facts as above). Under section 17 of the Creek Supplemental Treaty (Act June 30, 1902, c. 1323, 32 Stat. 504), Perryman, as a Creek citizen, had the right to rent his allotment for agricultural purposes for a period of five years, and it is not contended that the lease contract executed by him on October 7, 1902, to Crafton was not valid at the time it was executed or at the time defendants entered into possession of the land thereunder; but it is contended that, by virtue of said section of the Supplemental Treaty, said contract became void when Perryman executed to the Muskogee Land Company, on November 23, 1903, a second contract on the same land for a period of one year beginning upon the expiration of the first contract and continuing for one year, for the reason that the combined periods of these two lease contracts was for a greater period than five years. Section 17 of the Creek Supplemental Treaty reads as follows:

"Creek citizens may rent their allotments, for strictly nonmineral purposes, for a term not to exceed one year for grazing purposes only and for a period not to exceed five years for agricultural purposes, but without any stipulation or obligation to renew the same. Such leases for a period longer than one year for grazing purposes and for a period longer than five years for agricultural purposes, and leases for mineral purposes may also be made with the approval of the Secretary of the Interior, and not otherwise. Any agreement or lease of any kind or character violative of this paragraph shall be absolutely void and not susceptible of ratification in any manner, and no rule of estoppel shall ever prevent the assertion of its invalidity.   *   *   * "

Under this section it is contended by plaintiff that the Creek citizen, Perryman, upon executing the first lease contract to Crafton for a period of five years, thereby exhausted his power to make another contract leasing the same land until the expiration of said period, and that the second contract made by him to the Muskogee Land Company was void, and that it rendered void the first contract made by him to Crafton, afterwards assigned to the

Muskogee Land Company, and by the Muskogee Land Company to defendant, Williams. Under the facts in this case, and the holding of the court in the first paragraph of the syllabus to the case of *Edwin Whitman v. Geo. Lehman, ante,* p. 687, it is unnecessary for us to determine whether the contract executed by Perryman to the Muskogee Land Company is void, for it was not found by the trial court, nor is there any evidence tending to establish, that the two leases executed by Perryman were of one and the same transaction, or that the second contract made by Perryman was executed as the result of any agreement or stipulation made by Perryman in his first contract or at the time of the execution thereof, nor is there any evidence or any contention that the contracts were made separately with any purpose or design to avoid the terms of section 17 of the Creek Supplemental Treaty, *supra,* It is not contended that the contract executed by Perryman to Crafton which afterwards became the property of defendant, Williams, was invalid at the time it was executed. It is not contended that said contract contained any stipulation or agreement that rendered it violative of the provisions of said section 17. The lease executed by Perryman to the Muskogee Land Company was executed for an independent consideration and to a different party one year subsequent to the first lease. It is true that this contract as well as the first lease executed by Perryman afterwards became and was at the time of the trial of this case the property of defendant, Williams, yet no principle of law has been called to our attention in the briefs filed in this case, and we know of none, that would render a valid contract, such as was the first lease executed by Perryman, invalid because the lessor subsequently executed, independently of the first contract, a void contract, if the second contract is void. Without, therefore, determining whether the second contract is void—and it is unnecessary for us to do so—since defendant's defense is not based thereon, and since in no event under the facts in this case could it affect the original contract between Perryman and Craf-

ton, on which defendants rest their defense, we must conclude that plaintiff was without the right to recover at the time of the bringing of this suit.

The character of contracts that section 17 of the Creek Supplemental Treaty declares to be void are contracts containing provisions for a longer term than five years, made by any stipulation or obligation attempting to obligate the lessor to renew such contract or extend the same so that ultimately the period which the lessee would be permitted to hold under the lease would exceed the period of five years. To interpret this section to hold that when a citizen has once leased his allotment under this section of the treaty for a period of five years, and subsequently rents the same land to another person for a period of years which, when added to the period of the first contract, would result in a term of greater than five years, renders the first lease void, although the lessee to the first contract was not a party to the second contract, and the second contract was not executed by virtue of any of the terms or agreements of the first contract, but upon an independent consideration, would certainly lead to great injustice and the giving of opportunity for the perpetration of great fraud. Such would be the necessary interpretation of this section for us to hold in this case that the contract executed by Perryman to Crafton was rendered void by the second contract executed by Perryman to the Muskogee Land Company.

The judgment of the trial court is reversed, and the cause remanded.

Williams, C. J., and Turner and Kane, JJ., concur; Dunn, J., concurs in conclusions reached.